# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| JEFFREY KING, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | NO. | 3:18-cv-00112 |
| | ) | | |
| TONY MAYS, Warden, | ) | JUDGE CAMPBELL | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

This is a habeas corpus action brought by Petitioner Jeffrey King, a state prisoner, pursuant to 28 U.S.C. § 2254. On April 26, 2018, Respondent filed his answer to the petition, and Petitioner was given until May 29s, 2018 to file a reply. (*See* Doc. Nos. 13, 14.)

On May 10, 2018, Petitioner filed a Motion for the Appointment of Counsel (Doc. No. 15), an application for leave to proceed *in forma pauperis* (IFP) (Doc. No. 16), and a Prisoner Trust Fund Account Statement (Doc. No. 17). The IFP application is not properly filed as such, in light of the fact that Petitioner paid the $5.00 filing fee when he filed his petition (*see* Doc. No. 4), and no further fee is due. *See* 28 U.S.C. § 1914(a) ("[O]n application for a writ of habeas corpus the filing fee shall be $5."). However, Petitioner does not offer this IFP application and supporting trust fund account statement to show his inability to afford the full filing fee. These documents are instead offered to show Petitioner's inability to hire counsel, as he states in his cover letter to the Clerk of Court describing his recent filings: "Enclosed please find for filing with the Court my Motion for Appointment of Counsel along with my informa (sic) pauperis declaration. Although I have already paid the five dollar filing fee, this form was the only one available at the prison to complete for purposes of showing my informa (sic) pauperis status and inability to retain my own

attorney." (Doc. No. 15 at 5.) Accordingly, the Court will construe Petitioner's IFP application as a declaration in support of his Motion for the Appointment of Counsel. (*See id.* at 3 (citing "Accompanying Affidavit" as proof of inability to afford counsel).) The Clerk is therefore **DIRECTED** to terminate the IFP application (Doc. No. 16) as a pending motion.

Regarding the appointment of counsel, the Supreme Court has affirmed "the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 26–27 (1981). Thus, there is generally no constitutional right to appointed counsel in civil proceedings. *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). A habeas petitioner's attack on his conviction or sentence has long been recognized as collateral to the criminal proceedings which resulted in his loss of liberty, and thus civil in character. *Fay v. Noia*, 372 U.S. 391, 423–24 & n.34 (1963), *overruled in part on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87–88 (1977), *and Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Accordingly, the appointment of counsel in such cases is not guaranteed by the Constitution, and is only guaranteed by rule in the event that the indigent petitioner's case requires an evidentiary hearing. *See Young v. United States*, No. 15-4063, 2017 WL 4358942, at *1–2 (6th Cir. Feb. 28, 2017) (finding appointment of counsel for indigent movant under § 2255 mandatory at evidentiary hearing stage, based on rules and corresponding advisory committee notes applicable to evidentiary hearings under §§ 2254 and 2255, in agreement with "[a]ll circuits to consider the matter"). Otherwise, appointment of counsel is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado*, 992 F.2d at 604–06. When deciding whether exceptional circumstances exist, a district court considers

the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved. *Id.* at 606.

Petitioner submits in his Motion for the Appointment of Counsel that it is only "with the aid of prison legal assistance" that he has been able to present his habeas claims to this Court, and that his lack of education would prevent him from being able to adequately represent himself in navigating discovery or addressing complex legal issues at an evidentiary hearing. (Doc. No. 15 at 1–2.) He states that he is "a layman in the law and possesses absolutely no specialized education or legal training therein," and that he "unfortunately dropped out of school at a fairly young age and actually did not learn to read until sometime after coming into custody." (*Id.* at 2.)

The Court has not yet determined whether an evidentiary hearing will be required to resolve the issues presented in the petition. As he faces the briefing stage of this action, Petitioner's indigence and lack of legal knowledge or training are circumstances typical of prisoner litigants, rather than anything of an exceptional nature. *See Kirk v. Leibach*, No. 1:15-cv-01101-JDB-egb, 2016 WL 6092713, at *1 (W.D. Tenn. Oct. 19, 2016) (citing *Richmond v. Settles*, 450 F. App'x 448, 452–53 (6th Cir. 2011), and *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010)). With the assistance of an inmate legal aide, Petitioner submitted a lengthy petition for habeas corpus relief including a 75-page, typewritten memorandum of law that is cogent and well-articulated. (Doc. Nos. 1, 2.) He does not allege that he suffers from any mental or physical disabilities that would limit his ability to prosecute his case, nor is his limited education a compelling factor in light of the assistance that he is receiving.

On this record and at this stage of the proceedings, the Court finds that Petitioner is able to prosecute his case and his motion for appointed counsel is premature. Accordingly, Petitioner's

Motion for the Appointment of Counsel (Doc. No. 15) is **DENIED** without prejudice to refile if changed circumstances warrant revisiting the issue in the future.

Finally, on May 30, 2018, Petitioner filed a motion for a thirty-day enlargement of time to file his reply to Respondent's answer. (Doc. No. 18.) The Court finds this motion to be well taken, and it is therefore **GRANTED**. As requested, Petitioner shall have until **June 25, 2018** to file a reply to Respondent's answer. If Petitioner does not file a reply, or seek more time to file a reply, by June 25, 2018, the Court will assume that Petitioner does not intend to file a reply and will consider the case ripe for decision without further Order of the Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE